**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| DANIEL KRUG, on his own behalf and on behalf of all others similarly situated, | ) | |
| | ) | CASE NO. ____________ |
| Plaintiff, | ) | |
| v. | ) | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

Defendant, American Family Mutual Insurance Company (hereinafter "American Family"), pursuant to 28 U.S.C. § 1453(b), 28 U.S.C. § 1446(b) and 28 U.S.C. § 1441 *et seq.*, files this Notice of Removal of this cause from the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois, East St. Louis Division. In support of this Notice of Removal, American Family states:

**INTRODUCTION**

1. A defendant has a right of removal where an action is brought in a state court over which the district court has original jurisdiction.

2. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because there is minimal diversity of

citizenship, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the proposed class exceeds 100 persons.

3. On November 3, 2015, Plaintiff filed this lawsuit against American Family and the court issued a summons. A copy of Plaintiff's Class Action Complaint ("Complaint") is attached hereto as Exhibit 1. The action is styled: *Daniel Krug, on his own behalf and on behalf of all others similarly situated v. American Family Mutual Insurance Company*, Case No. 15L630, in the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois ("State Court Action").

4. On November 13, 2015, American Family was served with a Summons and Complaint. The time to remove this action therefore has not expired. As required by 28 U.S.C. § 1446(a), true and complete copies of all "process, pleadings, and orders" from the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois are attached as Exhibit 2. No previous application for removal has been made and as of December 11, 2015, the State Court has not certified a class, nor has it taken any other action.

5. Written notice of this filing is concurrently being given to all adverse parties as required by law. A true and correct copy of this Notice of Removal and the Notice of Removal of Civil Action is concurrently being filed with the Clerk of the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois, as required by 28 U.S.C. § 1446(d), the latter being attached as Exhibit 3.

6. Venue is proper in this district because the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois, is within the Southern District of Illinois, East St. Louis Division.

7. In his Complaint, Plaintiff alleges American Family assessed "a percentage of fault to a party in the context of automobile property damage claims regardless of whether the facts support such a finding of fault." Ex. 1, ¶ 1. Plaintiff alleges "even when a party to whom [American Family] would owe money pursuant to a property damage claim made against an [American Family] policy of insurance, [American Family] will [sic] routinely made an arbitrary assessment of 30% fault as against that party regardless of the facts surrounding the incident." *Id.* at ¶ 2. According to the Complaint, American Family adopted a routine practice "such that the amount of its offer on the claim is only 70% of the fair value of the claim." *Id.* at ¶ 12.

8. Plaintiff also alleges members of the class are at "a significant disparity in bargaining power" and "are unfairly compelled to accept Defendant's unreasonable offer or forego any recovery from Defendant at all. Defendant uses this duress to its advantage in its 'negotiations' with claimants." *Id.* at ¶ 15. Plaintiff contends members of the class are therefore damaged either because they are compelled to take less than they are due in connection with their claim, or because they are forced to decline money due to them. *Id.* at ¶ 16.

9. Plaintiff alleges American Family's claims handling practices violated Section 155 of the Illinois Insurance Code (*i.e.*, 215 ILCS 5/155), that American Family committed fraudulent misrepresentation or omission, and that American Family was unjustly enriched. *Id.* at ¶¶ 37–54.

10. Plaintiff also claims American Family's alleged actions were "willful or intentional and done with evil motive or reckless indifference to the rights of others." *Id.* at ¶¶ 40, 47.

11. Plaintiff seeks to represent a class consisting of:

> [a]ll persons in the State of Illinois who made a property damage liability claim against a person or entity insured by American Family, its subsidiaries, agents and affiliates:
>
> Excluded from the class are: (a) Defendant, its subsidiaries and affiliates, officers, directors, and employees; (b) the judge to whom this case is assigned and any member of the judge's immediate family; (c) all persons who properly execute and file a timely request for exclusion from the Class.

*Id.* at ¶ 27.

12. Plaintiff alleges the "class is sufficiently numerous that joinder of all members of the putative class would be impracticable" and that "although the exact number is unknown, it is estimated that Defendant [American Family] issued thousands of policies in the State of Illinois, and handled hundreds of third-party property damage claims during the class period." *Id.* at ¶ 28.

13. Plaintiff demands the Court award him statutory and common-law damages in an amount to be determined at trial, punitive damages, reasonable attorney's fees and costs of suit, disgorgement, and injunctive relief. Exhibit 1, Prayer for Relief.

**THIS NOTICE OF REMOVAL COMPLIES WITH CAFA AND IS TIMELY**

14. This Notice of Removal meets all necessary procedural requirements for removing putative class actions pursuant to CAFA, 28 U.S.C. § 1332(d).

15. Plaintiff's Complaint is a "class action" within the meaning of CAFA because it was filed pursuant to 735 ILCS 5/2-801, which authorizes an action to be brought by one or more representative persons as a class action. *See also* 28 U.S.C. §§ 1332(d)(1)(B) & 1453(a).

16. This lawsuit is a civil action and has not been tried.

17. Defendant has 30 days after service of Plaintiff's Complaint to file its Notice of Removal. 28 U.S.C. § 1332(d)(7)–(8) & 28 U.S.C. § 1453(b)(3).

18. Plaintiff's Complaint was filed with the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois, on November 3, 2015. American Family was first served with the Complaint on November 13, 2015. Because American Family has filed this Notice of Removal within 30 days of November 13, 2015, this Notice of Removal is timely.

**DIVERSITY OF CITIZENSHIP**

19. For purposes of diversity jurisdiction and removal under 28 U.S.C. § 1332(d)(2)(A), minimal diversity of citizenship is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

20. When determining diversity jurisdiction, a business organized as a corporation is "deemed to be a citizen of a State by which it has been incorporated" and also a citizen "of the State where it has its principal place of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306, (2006) (citing U.S.C. 28 § 1332(c)(1)).

21. Here, American Family is incorporated in and has its principal place of business in Wisconsin. In his Complaint, Plaintiff acknowledges that American Family's principal place of business is in Wisconsin. Ex. 1, ¶ 7. Thus, for purposes of diversity, American Family is a citizen of Wisconsin only.

22. As alleged in his Complaint, Plaintiff Daniel Krug is an Illinois resident. *Id.* at ¶ 6.

23. This lawsuit satisfies CAFA's minimal diversity requirement because at least one putative class member is a citizen of Illinois and American Family is a citizen of Wisconsin.

**THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000**

24. "[A] defendant seeking to remove a case to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"

*Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553, (2014) (quoting 28 U.S.C. § 1446(a)). The notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

25. Pursuant to 28 U.S.C. § 1332(d)(6), the claims of the individual class members can be aggregated to satisfy the $5,000,000 in controversy requirement.

26. In insurance class actions, it is common to use the estimated difference between benefits already paid and the total benefits purportedly owed as the amount in controversy. *See, e.g. Bernert v. State Farm Fire & Cas. Co.*, Civ. No. 10-12359, 2012 WL 1060089, at *1 (E.D. Mich. Mar. 29, 2012). Here, Plaintiff contends American Family arbitrarily reduced its claim offers by 30%, thereby resulting in claimants receiving less than they were entitled to. *See* Ex. 1, ¶¶ 12, 16.

27. In addition to compensatory damages, a court may consider other forms of relief in calculating the amount in controversy, including statutory damages, punitive damages, attorney's fees authorized by statute, and equitable relief sought by the plaintiff class. *See, e.g., Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) (punitive damages, restitution, and injunctive relief); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) (statutory damages); *Hulsey v. North Pointe Ins. Co.*, No. 12-cv-232-JPG-PMD, 2012 WL 4849967, at *1 (S.D. Ill. October 11, 2012) (statutory penalties and attorneys' fees); *Stull v. YTB Int'l Inc.*, No. 10-600-GPM, 2010 WL 4008153, at *3 (S.D. Ill. Oct. 13, 2010) (punitive damages and attorneys' fees that are recoverable as a matter of law or contract).

28. As alleged in his Complaint, Plaintiff seeks to represent a class consisting of "[a]ll persons in the State of Illinois who made a property damage liability claim against a person or entity ensured by American Family." Ex. 1, ¶ 27.

29. Based on plaintiff's allegations and the damages sought, the amount in controversy exceeds $5,000,000, exclusive of interest and costs. While the precise amount of any alleged reduction in claims differs from insured to insured based on the individual circumstances of each claim, and could be determined for each specific putative class member only by individual examination of each insured's claim file, American Family has determined that there were 69,346 claims with a date of loss from October 1, 2010 through November 13, 2015. Declaration of Mark Schlender, attached hereto as Exhibit 4. Therefore if, as Plaintiff alleges, American Family uniformly and wrongly reduced all of its claim offers, each claimant need be damaged by only $73 to meet the jurisdictional requirement of $5,000,000. Defendant's good-faith belief and estimate, based on the experience of their counsel in cases involving personal automobile claims that included property damage, is that each claimant's damages will exceed $73, meaning the amount in controversy exceeds $5,000,000 in this case, exclusive of interest and costs. *See Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("the defendant is entitled to present a good-faith estimate of the stakes"); *Oshana v. Coca-Cola*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 2020 (7th Cir. 2004)); *Sasenbury v. Barnes-Jewish Hosp.*, No. 10-cv-0151-MJR-CJP, 2010 WL 1912913, at *2 (S.D. Ill. May 12, 2010).

30. Plaintiff also seeks an order from the Court directing American Family "to disgorge any funds retained in connection with claims made by Plaintiff and the class" and "place those funds in a constructive trust for the benefit of Plaintiff and the Class." Ex. 1, ¶ 54. While American Family does not have a way to accurately determine this amount, it increases the amount in controversy, which is already well above the $5,000,000 jurisdiction threshold.

31. Critically, not only does Plaintiff seek compensatory damages, disgorgement, and injunctive relief on behalf of himself and the purported class, he also seeks attorney's fees, punitive damages, and statutory damages pursuant to 215 ILCS 5/155. *See* Ex. 1, ¶ 41. Under 215 ILCS 5/155, in addition to compensatory damages, a court may award attorney's fees plus an amount not to exceed any one of the following amounts:

> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
> (b) $60,000;
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered.

215 ILCS 5/155. While American Family disputes Plaintiff's legal theory and factual allegations, taking them as true for purposes of this Notice only, 100 class members' claims under element (b) alone would put the amount in controversy at $6,000,000, much less approximately 69,000 class members' claims.

32. Considering that the alleged statutory damages alone exceed the minimum amount in controversy of $5,000,000, Plaintiff's claimed compensatory damages, attorney's fees, statutory damages, and other requested relief necessarily satisfy the jurisdictional requirement. Accordingly, this Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332 (d)(2) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and is between citizens of different states.

**THE CLASS CONSISTS OF MORE THAN 100 MEMBERS**

33. For a class action to be removable under CAFA, the proposed class must consist of 100 or more persons. *See* 28 U.S.C. § 1332(d)(5)(B); 28 U.S.C. § 1711 ("class members" means persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action).

34. Plaintiff has alleged American Family "issued thousands of policies in the State of Illinois, and handled hundreds of third-party property damage claims during the class period." Ex. 1, ¶ 28. The proposed class therefore is alleged to include more than one hundred persons. American Family has determined for the October 1, 2010 through November 13, 2015 time period that there were 69,346 Illinois personal automobile claims that included property damage. Ex. 4, ¶ 8. Thus, both parties agree the proposed class has more than the minimum 100 members for CAFA jurisdiction to lie.

**THERE IS NO APPLICABLE EXCEPTION TO JURISDICTION**

35. Because American Family has established this Court's jurisdiction under 28 U.S.C. § 1332(d)(2), the burden falls on Plaintiff to prove one of the exceptions to jurisdiction under subsections (d)(3) or (4) to defeat jurisdiction.

36. Under § 1332(d)(3), a court may decline to exercise jurisdiction over a class action in which "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3). Here, § 1332(d)(3) does not apply because the State in which the action was originally filed was Illinois, and the only defendant, American Family, is a citizen and resident of Wisconsin.

37. Under § 1332(d)(4)(A), a court must decline to exercise jurisdiction if, among other requirements, "at least 1 defendant from whom significant relief is sought by members of the plaintiff class" or "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" is "a citizen of the State in which the action was originally filed." As addressed above, the only defendant, American Family, is a citizen and resident of Wisconsin, so § 1332(d)(4)(A) does not apply.

38. Separately, under § 1332(d)(4)(B), a court must decline to exercise jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." As demonstrated above, the only defendant, American Family, is a citizen and resident of Wisconsin, so § 1332(d)(4)(B) does not apply.

39. No Waiver Regarding Class Treatment or Damages. American Family denies allegations that this case should be certified as a class action and expressly reserves the right to oppose any motion for class certification filed in this action. American Family further expressly denies Plaintiff or the proposed class is entitled to any recovery. Plaintiff has not properly alleged nor could prove, among other things, deception, unfairness, or reliance, or that he suffered any cognizable injury in fact, pecuniary loss or actual damage. By asserting arguments regarding the possible aggregate recovery for purposes of removal, American Family does not waive or concede any defense, legal or equitable, concerning Plaintiff's claims, including whether class certification is appropriate or damages allowable.

WHEREFORE, Defendant American Family Mutual Insurance Company gives notice that the matter styled *Daniel Krug, on his own behalf and on behalf of all others similarly situated v. American Family Mutual Insurance Company*, Case No. 15L630, in the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois, is removed to the United States District Court for the Southern District of Illinois, East St. Louis Division, and requests that this Court retain jurisdiction for all further proceedings. In the event Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, American Family respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

Dated: December 11, 2015

Respectfully submitted,

/s/John A. Roberts
John A. Roberts (#6220432)
FAEGRE BAKER DANIELS LLP
311 South Wacker Drive
Suite 4400
Chicago, IL 60606
Tel: (312) 212-6500
Fax: (312) 212-6501
john.roberts@faegrebd.com

*Attorneys for Defendant American Family Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2015, I electronically filed the foregoing **DEFENDANT'S NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system and e-served same to the following:

James J. Rosemergy
CAREY, DANIS, & LOWE
8235 Forsyth, Suite 1100
St. Louis, MO 63105
Phone: (314) 725-7700
FAX: (314) 721-0905
jrosemergy@careydanis.com

*Attorney for Plaintiff*

By: /s/ John A. Roberts

John A. Roberts (#6220432)
FAEGRE BAKER DANIELS LLP
311 South Wacker Drive
Suite 4400
Chicago, IL 60606
Tel: (312) 212-6500
Fax: (312) 212-6501
john.roberts@faegrebd.com

*Attorneys for Defendant American Family Mutual Insurance Company*