# EXHIBIT 1

FILED
ST. CLAIR CO.
NOV 03 2015
32
CIRCUIT CLERK

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
STATE OF ILLINOIS

| | | |
|---|---|---|
| DANIEL KRUG, on his own behalf and on behalf of all others similarly situated, Plaintiff, | ) | |
| v. | ) | Case No. 15L630 |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) | |
| Serve: 6000 American Parkway Madison, WI 53783 | ) | **TRIAL BY JURY DEMANDED** |
| | ) | **CLASS CERTIFICATION DEMANDED** |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

**COMES NOW** Plaintiff, by and through counsel, and for his causes of action against Defendant American Family Insurance Company, states as follows to the Court:

### INTRODUCTION

1. This action challenges Defendant American Family Mutual Insurance Company's ("AmFam" or "Defendant") practice of assessing a percentage of fault to a party in the context of automobile property damage claims regardless of whether the facts support such a finding of fault.

2. Specifically, and upon information and belief, even when a party to whom AmFam would owe money pursuant to a property damage claim made against an AmFam policy of insurance, AmFam will routinely made an arbitrary assessment of 30% fault as against that party regardless of the facts surrounding the incident.

3. Upon further information and belief, this practice is motivated entirely by an effort to maximize its profits and minimize its payouts at the expense of and in derogation of the rights of those who would be entitled to receive these funds.

4. Plaintiff brings this action as a class action on his own behalf and on behalf of a class of similarly situated persons who have seen their recoveries in claims handled by American Family arbitrarily reduced as a result of this practice.

5. Plaintiff seeks damages on his own behalf and on behalf of the Class he represents, and further seeks equitable relief compelling Defendant to change its claims handling practices, and disgorge all ill-gotten profits.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff and Class Representative Daniel Krug is an individual who is a citizen of the State of Illinois and at all relevant times herein stated resided in Coal City, Grundy County, State of Illinois.

7. Defendant American Family Mutual Insurance Company is and was at all relevant times herein a foreign mutual insurance company with corporate headquarters and principal place of business located in Madison, Wisconsin. AmFam is and was engaged in the business of selling automobile insurance policies for profit within the State of Illinois, and has sold insurance policies to consumers within the State of Illinois throughout the relevant time period.

8. This Court has jurisdiction over this matter in that the Plaintiff resides, and the action accrued, within the State of Illinois, and total amount of damages sought exceeds the jurisdictional minimum of this Court.

9. Venue is proper in this Court pursuant to 735 ILCS 5/2-102 in that Defendant is a corporate entity has an office and is otherwise doing business in this Circuit.

## ALLEGATIONS COMMON TO ALL COUNTS

10. Defendant offers a variety of different types of automobile insurance coverage, including bodily injury and property damage liability insurance, uninsured and underinsured coverage, collision and comprehensive coverage.

11. In making determinations of fault in the context of insurance claims, Defendant has a duty to be guided by the actual facts of the case, and to administer the claims in good faith.

12. Upon information and belief, in circumstances where Defendant's insured would be liable for a claim and no fault can be attributed to the party who would be paid by the claim, Defendant has adopted the practice of routinely assessing 30% fault as against that party, such that the amount of its offer on the claim is only 70% of the fair value of the claim.

13. There exists a significant disparity in bargaining power in the context of a property damage liability claim as between the claimant and Defendant handling the claim. Because the amount at issue is usually relatively small, in practice it is not generally economically feasible for a claimant to hire an attorney or litigate a property damage claim.

14. Defendant takes unfair advantage of this disparity by taking the unreasonable position that the claimant is 30% at fault when in fact that position is unsupported by the facts, and then being wholly unwilling to negotiate.

15. Claimants, who are often in emergent need of money to fix or replace their vehicles, are unfairly compelled to accept Defendant's unreasonable offer or forego any recovery from Defendant at all. Defendant uses this duress to its advantage in its "negotiations" with claimants.

16. Members of the Class are damaged as a result of Defendant's improper conduct, either because they are compelled to take less than they are due in connection with their claim, or because they are forced to decline money due to them, and have suffered other damages as the evidence may show.

## PLAINTIFF'S SITUATION

17. On or about April 14, 2015, a vehicle owned by Plaintiff Daniel Krug and driven by Cody Krug was involved in an automobile accident in Coal City, Illinois with Renee Marie Cavanaugh. Specifically, Cody Krug was pulling into a parking spot, when Ms. Cavanaugh struck his vehicle on the front end, passenger side. A copy of the police report memorializing this accident is attached as Exhibit 1.

18. According to the police report, Ms. Cavanaugh advised the responding officer "that she was completely at fault."

19. The police report also notes that Ms. Cavanaugh apologized to Cody Krug and offered to exchange insurance information.

20. The police report further notes that the reports of all passengers are consistent with Cody Krug's account of the accident.

21. In total, there is absolutely no dispute as to the basic facts of the accident, or that Ms. Cavanaugh was solely at fault for the accident.

22. At the time of the incident, Ms. Cavanaugh had in force a policy of insurance issued by AmFam that included property damage liability coverage.

23. Plaintiff submitted a claim as against Ms. Cavanaugh, and AmFam accepted coverage of the claim.

24. Despite uncontroverted evidence that Ms. Cavanaugh, and Ms. Cavanaugh alone, was at fault for the accident, Defendant offered only 70% of the cost to repair the vehicle.

25. Plaintiff, through his counsel, then sent a letter to Defendant making it clear that AmFam's insured was 100% at fault and asking it to reconsider its decision on or about April 28, 2015.

26. On or about May 1, 2015, Defendant send a response reiterating its wholly unfounded position, standing on its 70% offer and inviting Plaintiff to file a claim against his own insurance

## CLASS ACTION ALLEGATIONS

27. Pursuant to 735 ILCS 5/2-801, et seq, Plaintiff seeks certification of the following class:

> All persons in the State of Illinois who made a property damage liability claim against a person or entity insured by American Family, its subsidiaries, agents and affiliates.
>
> Excluded from the Class are: (a) Defendant, its subsidiaries and affiliates, officers, directors, and employees; (b) the judge to whom this case is assigned and any member of the judge's immediate family; (c) all persons who properly execute and file a timely request for exclusion from the Class.

28. The class is sufficiently numerous that joinder of all members of the putative class would be impracticable. Insurance policies issued in the State of Illinois are required by law to include property damage liability coverage, and although the exact number is unknown, it is estimated that Defendant AmFam issued thousands of policies in the State of Illinois, and handled hundreds of third-party property damage claims during the class period.

29. The interests of the Plaintiff are coincident with and not antagonistic to those of other members of the class.

30. Plaintiff is a member of the class he seeks to represent and will fairly and adequately assert and protect the interests of those classes. Plaintiff has retained attorneys with extensive experience in consumer class action litigation.

31. Common questions of law and fact predominate over any questions affecting only individual members of the class. Common questions include the following:

a. Whether Defendant systematically assigns a percentage of fault to third party claimants;

b. Whether Defendant's claim handling process constitutes vexatious and/or unreasonable conduct;

c. Whether Defendant's claim handling practices constitute a violation of 215 ILCS 5/155;

d. Whether Defendant has been unjustly enriched;

e. Whether Plaintiff and the class are entitled to damages and/or injunctive relief; and,

f. Whether punitive damages are appropriate.

32. The Plaintiff's claims are typical of the claims of members of the class in that they are all current or former claimants against AmFam policies. The Plaintiff and all members of the class have all sustained damage arising out of Defendant's course of conduct alleged herein.

33. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

34. A class action is an appropriate method for the fair and efficient prosecution of this adjudication of the claims of Plaintiff and the class members.

35. Individual litigation of all claims which might be asserted by all class members would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. Further, the amount of the individual damages is such that it would not be economically feasible for individual plaintiffs to assert individual claims. Class treatment, by contrast, provides manageable judicial treatment calculated to bring a rapid conclusion for substantially all litigation of claims arising out of the conduct of Defendant with respect to the policy language at issue.

36. The certification of a class would allow litigation of claims that, in view of the expense of the litigation, may be insufficient in amount to support separate actions.

**COUNT I- VIOLATION OF THE ILLINOIS INSURANCE CODE 215 ILCS 5/155**

37. Plaintiff incorporates by reference each of the preceding allegations as if fully set forth herein.

38. Defendant's systematic practice of arbitrarily assigning fault to third-party claimants, regardless of actual fault, as described herein, constitutes vexatious and unreasonable conduct in the handling of its claims.

39. As a direct and proximate result of Defendant's conduct in violation of the Illinois Insurance Act, Plaintiff and the class have been damaged in that they have either been compelled to take less than they are due in connection with their claim, or in that they have been forced to decline money due to them, and have suffered other damages as the evidence may show.

40. Defendant's actions herein were willful or intentional and done with evil motive or reckless indifference to the rights of Plaintiff and the Class.

41. Plaintiffs are entitled to damages pursuant to 215 ILCS 5/155, including compensatory damages, attorneys' fees, statutory damages, their costs herein expended as well as any other costs this Court deems appropriate.

## COUNT II- FRAUDULENT MISREPRESENTATION AND/OR OMISSION

42. Plaintiff incorporates by reference each of the preceding allegations as if fully set forth herein.

43. By arbitrarily assigning fault to third-party insurance claimants regardless of fault, Defendant made false statements of fact, and/or omitted critical information about the true value of the claims, which were material to Plaintiff and the class.

44. Defendant's misrepresentations and/or omissions of material fact were made with the intent that Plaintiff and the class rely upon them and would act accordingly by accepting their lowball offers or decline to accept their offers at all.

45. Plaintiff and the class justifiably relied upon Defendant's misrepresentations and omissions.

46. As a direct and proximate result of Defendant's misrepresentations and omissions and Plaintiff and the class' reasonable reliance thereon, Plaintiff and the class have been damaged in that they have either been compelled to take less than they are due in connection with their claim, or in that they have been forced to decline money due to them, and have suffered other damages as the evidence may show.

47. Defendant's actions herein were willful or intentional and done with evil motive or reckless indifference to the rights of others, thereby justifying the imposition of punitive damages.

## COUNT III – UNJUST ENRICHMENT

48. Plaintiff incorporates by reference each of the preceding allegations as if fully set forth herein.

49. By arbitrarily assigning fault to third-party insurance claimants regardless of fault and paying claims based upon this deceptive and improper practice, Defendant has retained monies that should have been provided to Plaintiff and the Class.

50. Accordingly, Plaintiff and the Class have conferred a financial benefit upon Defendant.

51. Defendant has also retained a financial benefit as a direct and proximate result of its actions as described herein in that it has not had to pay on otherwise valid claims made against its insurance policies.

52. The retention of these benefits is unlawful, improper, and inappropriate and has unjustly enriched Defendant at the expense of Plaintiff and the class.

53. The funds at issue, in law and in equity, rightfully belong to the Plaintiff and the class

54. Accordingly, Defendant should be required to disgorge any funds retained in connection with claims made by Plaintiff and the class, place those funds in a constructive trust for the benefit of Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court award the following relief:

a) Certify the Class as defined herein;

b) Appoint Plaintiff as Class Representative for the Class as defined herein;

c) Appoint Carey, Danis & Lowe as Class Counsel;

d) Award statutory and common-law damages in an amount to be determined at trial, which are in the aggregate in excess of the jurisdictional minimum for this Court;

e) Awarding punitive damages in an amount sufficient to punish Defendant and deter like future conduct;

f) Awarding reasonable attorneys fees and costs of suit;

g) Forcing Defendant to disgorge and place in constructive trust all ill-gotten funds attributable to the conduct discussed herein;

h) Enjoining Defendant from continuing to engage in the conduct described herein;

i) Awarding such other and further relief as this Court deems just and proper under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated: October 30, 2015

Respectfully submitted,

**CAREY, DANIS, & LOWE**

/s/ James J. Rosemergy
James J. Rosemergy #6257973
8235 Forsyth, Suite 1100
St. Louis, MO 63105
Phone: (314) 725-7700
Fax: (314) 721-0905
jrosemergy@careydanis.com

*Attorneys for Plaintiff*