**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| DANIEL KRUG, on his own behalf and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:15-cv-1354 |
| v. | ) ) | Chief Judge Michael J. Reagan |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | Magistrate Judge Donald G. Wilkerson |
| Defendant. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

American Family is cognizant this Court does not favor reply briefs. But Plaintiff's response is premised on such extreme misstatements of fact and law that American Family believes such exceptional circumstances require it to reply to set the record straight.

## I.      PLAINTIFF LACKS STANDING TO SUE UNDER SECTION 155.

Plaintiff, not American Family, misstates the law. (Pl. Br., 4.) Third-party claimants do not have standing to sue an insurer under Section 155 of the Illinois Insurance Code, *and* they are prohibited from bringing direct actions against insurers in lieu of their insureds.

Plaintiff cites *Garcia v. Lovellette* for the proposition that he has standing to sue as a third-party claimant under Section 155. 265 Ill. App. 3d 724 (2d Dist. 1994). But *Garcia* fails to support Plaintiff's position, instead holding only an insured or an assignee has standing to bring a Section 155 claim, and not a third-party claimant. *Id.* at 725. In *Garcia*, the plaintiff argued she had standing to sue under Section 155 as an actual insured, not as a third-party claimant. *Id.* at 726. The court agreed, finding the policy expressly defined the plaintiff as an insured, so she had standing to sue as an insured. *Id.* at 728. Here, Plaintiff is not an insured so he has no standing.

As discussed in *Garcia*, public policy also prohibits "direct actions" by a third party against an insurer before a judgment is obtained against the insured, but that policy is separate from standing under Section 155. *Id.* at 726. As such, Plaintiff's argument that the direct action policy is not a "completely mandatory and inflexible prohibition" is irrelevant. (Pl. Br., 4.) Plaintiff still lacks standing under Section 155. And his brief lacks any citation otherwise.

Outrageously, Plaintiff recognizes a claimant cannot sue a tortfeasor's insurer in lieu of making a claim against the tortfeasor, but *then denies that is what he is doing.* (Pl. Br., 5.) "To the contrary," he claims, "Plaintiff made a claim against the tortfeasor, Defendant accepted coverage, general liability on behalf of Defendant's insured has been established, and what is tantamount to an offer of judgment has been made." (*Id.*) This is flat-out wrong. Plaintiff has

1

*not* filed an action against American Family's insured, nor obtained a judgment, nor has general liability by Defendant's insured even been established.  To borrow a phrase from Plaintiff himself, he is "just making stuff up."  (*See* Pl. Br., 10.)  To state it in the context of a 12(b)(6) motion, the Amended Complaint ("Complaint") does not allege Plaintiff obtained a judgment against the insured or that liability has been established (nor could it).  Bald-faced lies in a response brief, unsupported by the pleadings, are not enough to survive a motion to dismiss.

## II.    PLAINTIFF IS NOT ENTITLED TO MONEY AND HAS NO DAMAGES.

Plaintiff still fails to explain how American Family owes him money. At best, Plaintiff has an unadjudicated tort claim against the insured for *damages* caused by negligence.  An unliquidated claim for damages is a chose in action, not a legal debt, and cannot actually be a debt due and owing until it is fixed by a judgment. *Capes for Use of Haynes, Gordon & Co v. Burgess*, 135 Ill. 61, 67 (1890).  Moreover, American Family's responsibility to pay, after all, is a contractual obligation triggered by a finding of liability of its insured. Until then, Plaintiff has no legal entitlement to any money and cannot possibly have suffered any damages.

Plaintiff tacitly acknowledges this when he argues he and the class were damaged by having to "[s]uck it up and take less because they have no meaningful alternative or decline money due to them **to avoid releasing a valid claim**." (Pl. Br., 1 (emphasis added).)  The acceptance of a partial payment of an undisputed debt does *not* serve to release the entire debt. *Upper Ave. Nat'l Bank v. First Arlington Nat. Bank*, 81 Ill. App. 3d 208, 212–13 (2d Dist. 1980). So if Plaintiff were actually already legally owed money, he would not be forced to decline the offer in order to avoid the release of his claim.  Plaintiff's damages theory makes no sense.

American Family is also not unjustly retaining any insurance proceeds due to Plaintiff because, without any liability, no insurance proceeds are actually due to Plaintiff.

Strangely, Plaintiff then argues American Family's liability is *not* based upon the actions

2

or omissions of its insured. (Pl. Br., 4.) "[I]f Plaintiff's claim is successful, it will be because he demonstrated that Defendant utilized an improper claims handling policy, not because of the level of fault of the underlying tortfeasor." (*Id.*) This is absurd because there would be no claim to handle without the insured's actions. But also, it is impossible for Plaintiff to have suffered damages from being assessed 30% of the liability, unless Plaintiff can prove the insured was greater than 70% liable in the collision. Otherwise, American Family's offer actually represents a windfall. A tortfeasor's actual level of fault is thus essential to every class member's claim. *See McCarter v. State Farm Mut. Auto Ins. Co.*, 130 Ill. App. 3d 97, 102 (3d Dist. 1985) (defendant must prove value of claim by establishing underlying insured's negligence and damages).

## III.   PLAINTIFF CANNOT STATE A CLAIM FOR FRAUD.

Little needs to be said about Plaintiff's summary of the federal pleading standards under Rules 8 and 9(b)—which Plaintiff creatively culls entirely from cases that predate *Iqbal* and *Twombly* by generally 20 to 30 years—other than that it is incorrect. (Pl.'s Br., 5–6.)

### A. Plaintiff's Failure To Allege His Reliance On The Truth Is Fatal.

A party is, in fact, "free to lie so long as the other party isn't fooled" (Pl. Br., 7), because reliance on the truth of a representation is an essential element of a fraud claim. *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 496 (1996). No amount of impassioned rhetoric or cries of inequity will excuse its absence.

Plaintiff argues he is nevertheless owed a "duty of truthfulness" because he is a beneficiary of American Family's policy, citing *Reagor v. Travelers Ins. Co.*, 92 Ill. App. 3d 99 (1st Dist. 1980). *Reagor* deals only with whether an injured party may seek a declaratory judgment of coverage; it does not create a "duty of truthfulness." *Id.* at 103. Nor does Plaintiff's other case—tellingly, from California—establish that "an insurer has an unrelenting duty to tell the truth throughout the process," as Plaintiff claims. *Mel H. Binning, Inc. v. Safeco Ins. Co.*, 74

3

Cal. App. 3d 615 (1977). In *Binning*, the court found an insurer made knowingly false statements of "present fact," and it was not disputed that the plaintiff relied on the truth of those statements. The California court confirmed the general rule that while an insurer (or anyone) does not have a duty to disclose facts, if it does, it must do so truthfully, but the court did not establish a special "duty of truthfulness" owed by an insurer to a third-party claimant. *Id.* at 619.

Plaintiff also argues the "thrust of Plaintiff's allegations are [sic] that Defendant relies upon non-existent evidence of contributory fault to justify less than full and fair payments to third-party claimants; Illinois Courts have expressly held this to state an action for fraud." (Pl. Br., 7.) Once again, this is simply wrong. First, the Complaint does not make such an allegation. Second, *McCarter*, relied upon by Plaintiff, actually acknowledges the duty to negotiate in good faith is owed only to the insured, not third parties. 130 Ill. App. 3d 97 at 101 ("Therefore, an injured third party has no standing to sue an insurance company for its conduct in settling a claim"). The court uniquely found the insurer in that case owed a duty of good faith to both parties, because it was the insurer for both, it promised the plaintiff it would settle the claim fairly, and it told him not to retain his own counsel. *Id.* at 101. It was not disputed that plaintiff then relied on the adjuster's knowingly false statements of fact, including that the claims committee had rejected his claim when it actually authorized payment, and that the adjuster possessed a report describing plaintiff's negligence when no such report existed. *McCarter*'s result does not control because American Family owes no duty to Plaintiff, a true third party, and there was no reliance.

## IV.    PLAINTIFF'S PRIVATE CLAIM FOR CONSUMER FRAUD FAILS.

By page 13 of Plaintiff's response, American Family has gone from having a "top-down practice where fault is assessed against claimants at the outset" (Pl. Br., 2), to "relying on non-existent evidence of contributory fault" (*id.* at 7), to "just making stuff up" (*id.* at 10), then

finally to "fabricating evidence" (*id.* at 11, 13)—an evolution in Plaintiff's brief that unfortunately does not match the allegations of his Complaint. (*See, e.g.,* Complaint ¶¶ 2–3, 12.) Nonetheless, Plaintiff still fails to state a claim under the ICFA.

As an initial matter, Plaintiff argues his ICFA claim also includes "unfair" conduct subject only to Rule 8 pleading standards. (Pl. Br., 12.) But despite his sweeping assertion that American Family's claims handling "runs afoul of numerous different consumer protection policies embraced by the State of Illinois," Plaintiff fails to actually name any. (Pl. Br., 13.)

Plaintiff also misleadingly cites decisions holding that "actual reliance" is not an essential element of an ICFA claim. This is true—but **only** when the claim is brought by the Attorney General. *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 149 (2002). A legion of Supreme Court cases hold that under the ICFA, unlike the Attorney General, a private plaintiff must prove both "actual damage" and that the actual damage was "proximately caused" by the defendant's conduct. *Oliveira*, 201 Ill. 2d at 149 (citing 815 ILCS 505/10a(a)). When a plaintiff does not rely on the truth of a defendant's representation, he cannot show proximate causation. *De Bouse v. Bayer*, 235 Ill. 2d 544, 555 (2009) ("[W]e have repeatedly emphasized that in a consumer fraud action, the plaintiff must actually be deceived"); *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 180 (2005) (where plaintiff was not deceived, plaintiff failed to establish proximate causation necessary to recover); *Shannon v. Boise Cascade Corp.*, 208 Ill. 2d 517, 525 (2004) (deceptive advertising cannot be the proximate cause of damages unless it actually deceives the plaintiff); *Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 269 (2005) ("[T]o meet the causation element of a Consumer Fraud Act claim, the members of the class must have actually been deceived in some manner by the defendant's alleged misrepresentations of fact"); *Zekman v. Direct American Marketers, Inc.*, 182 Ill. 2d 359, 367 (1998) (where plaintiff was not deceived by defendant's actions, alleged violations of the ICFA did not proximately cause his damage).

Dated: April 1, 2016

Respectfully submitted,

/s/Heather H. Harrison
John A. Roberts (#6220432)
Heather H. Harrison (#6299693)
FAEGRE BAKER DANIELS LLP
311 South Wacker Drive
Suite 4400
Chicago, IL 60606
Tel: (312) 212-6500
Fax: (312) 212-6501
john.roberts@faegrebd.com
heather.harrison@faegrebd.com
*Attorneys for Defendant American Family Mutual
Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2016, I electronically filed the foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT** with the Clerk of the Court to be served by operation of the Court's CM/ECF system upon all counsel of record.

By:  /s/Heather H. Harrison
John A. Roberts (#6220432)
Heather H. Harrison (#6299693)
FAEGRE BAKER DANIELS LLP
311 South Wacker Drive
Suite 4400
Chicago, IL 60606
Tel: (312) 212-6500
Fax: (312) 212-6501
john.roberts@faegrebd.com
heather.harrison@faegrebd.com

*Attorneys for Defendant American Family Mutual Insurance Company*