**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DANIEL KRUG, on his own behalf and on behalf of all others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 15-cv-1354-MJR-DGW** |
| **AMERICAN FAMILY MUT. INS. CO.,** | ) | |
| **Defendant.** | ) | |

# MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

## A. Introduction

Plaintiff Daniel Krug ("Krug") seeks to bring a class action complaint against Defendant American Family Mutual Insurance Company ("AFI"), arguing that AFI's practices violate the Illinois Insurance Code and the Illinois Consumer Fraud Act, as well as claims of fraudulent misrepresentation and unjust enrichment (Doc. 25). Originally brought in the Circuit Court of St. Clair County, Illinois, 15-L-630 (Doc. 1-1), AFI removed the case to this Court on December 11, 2015, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) (Doc. 1 at 1).

According to his amended complaint, Krug states that AFI, as a standard business practice, assigns 30% fault to individuals making claims against its insureds, and in turn only offers 70% of fair market value in payment for claims (Doc. 25 at 3).

Krug continues, stating that these determinations are made regardless of the underlying facts (*Id*.). In putting a face to these allegations, Krug describes his own accident, which occurred in Coal City, Illinois (in Grundy County, within the Northern District of Illinois) on April 14, 2015 (*Id*. at 4). On that date, he was struck by an AFI insured while pulling out of a parking lot (*Id*.). The accident was reported to the police, which stated that the AFI insured was "completely at fault" (*Id*.). Despite this, he was only offered 70% of the claim's value, based upon AFI determining that Krug was 30% at fault (*Id*. at 4-5). Krug argues that claimants are forced to accept less money than they are rightfully due (Doc. 25 at 3-4). Krug seeks to certify a class of "All persons in the State of Illinois who made a property damage liability claim against a person or entity insured by [AFI], its subsidiaries, agents, and affiliates" (the "putative class") (*Id*. at 5).[1]

On December 23, 2015, AFI filed a motion to transfer venue, seeking to transfer the case to the Northern District of Illinois (Doc. 13). Plaintiff filed a timely motion in opposition, seeking to keep the case in this District (Doc. 15). Fully ripe, the Court will begin with a discussion of the underlying legal standards.

**B. <u>Legal Standards</u>**

28 U.S.C. § 1404(a) addresses transfers between districts within the federal courts when venue is appropriate in the current district. The section states that "[f]or the

---

[1] The putative class excludes the Defendant and all officers, employees, or directors, this Court and members of the Court's family, and "all persons who properly execute and file a timely request for exclusion from the Class (Doc. 25 at 5).

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.**"** **28 U.S.C. § 1404(a).** Thus, transfer between districts is appropriate if:

1) venue is proper in both the transferor and transferee court;

2) transfer is for the convenience of the parties and witnesses; and

3) transfer is in the interest of justice.

**28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-21 (7th Cir. 1986). *See also Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S. Ct. 568, 581 (2013); *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc*, 626 F.3d 973, 977-78 (7th Cir. 2010).** The transfer statute does not provide any indication as to the relative weights which should be given to each factor. ***Coffey*, 796 F.2d at 220.** Additionally, while only three factors are listed in the transfer statute, these "are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." ***Id.*, citing *Van Dusen*, 376 U.S. at 622.** As such, the "weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." ***Coffey*, 796 F.2d at 219, citing *Brown v. Grimm*, 624 F.2d 58, 59 (7th Cir. 1980).**

Further, the Court must take into account two other considerations. When requesting a transfer, the movant has the burden of establishing that the "transferee forum is clearly more convenient." ***Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Coffey*, 796 F.2d at 219-20.** "[M]erely shifting inconvenience from one party to another is not a sufficient basis for transfer." ***Research Automation,* 626 F.3d at 978.** Stated another way, in the words of Judge Posner, "the tie is awarded to the Plaintiff." ***In re Nat'l Presto Indus., Inc.*, 347 F.3d at 662, 665 (7th Cir. 2003).**

Further, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." ***Id.* at 664, quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).** This is especially true when the plaintiff is litigating in their home forum, ***Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)**, but when a plaintiff choses a forum outside their home, less deference is given. ***See, e.g., Chicago, Rock Island & Pacific R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (plaintiff's choice of forum "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff"). *See also* 15 WRIGHT, MILLER, & COOPER, FEDERAL PRACTICE & PROCEDURE § 3848 (2012) ("if the plaintiff is not a resident of the forum, then the plaintiff's forum choice is entitled to less deference").** Even less deference is given where the named party is not a citizen or resident within the forum and sues on behalf of a class, or where the conduct did not arise within the chosen forum. ***See Tawil v. Illinois Tool Works Inc.*, No. 15 C 06808, 2015 WL 7889036,**

**at *2 (N.D. Ill. Dec. 4, 2015), citing *Rorah v. Petersen Health Care*, No. 13 C 01827, 2013 WL 3389063, at *2 (N.D. Ill. July 8, 2013).**

C. Analysis

1. **Venue is Proper in Both the Transferor and Transferee Court**

AFI's motion begins by noting that venue is proper in this District, under 28 U.S.C. § 1441, reiterating its prior statement in the notice of removal (Doc. 14 at 4; Doc. 1 at 1). AFI also argues that venue is also proper in the Northern District of Illinois, where it seeks to transfer the case (*Id*. at 4-5; ***see*** **28 U.S.C. §§ 1391(b); 1332(d)**). Plaintiff does not address this issue, but the Court agrees with the Defendant. Pursuant to 28 U.S.C. § 1441, the case was properly removed from St. Clair County to this District, and thus venue is proper in the Southern District of Illinois. Under CAFA, the case could have been brought in the Northern District of Illinois—Plaintiff's home forum (his residence is listed as in Grundy County, *see* Doc. 25 at 2), and presumably the location of many of members of the putative class (*Id*. at 5). The first § 1404 factor is satisfied.

2. **Convenience of the Parties and Witnesses Favors Transfer**

The second requirement under § 1404 is for the movant to affirmatively show that transfer is for the convenience benefit of the parties and witnesses. **28 U.S.C. § 1404(a).** This requires the Court to examine factors such as (a) plaintiff's initial choice of forum; (b) the relative ease of access to the sources of proof; (c) convenience of non-party witnesses; (d) situs of the material events; and (e) the convenience of the parties.

***Porritt v. MacLean Power Sys., L.P.*, No. 10-519-DRH, 2010 WL 3780970, at *3 (S.D. Ill. Sept. 22, 2010).** ***See also ISI International, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 553 (7th Cir. 2001); *Tice v. American Airlines*, 162 F.3d 966, 974 (7th Cir. 1998); *General Portland Cement Co. v. Perry*, 204 F.2d 316, 318–19 (7th Cir. 1953).**

(a) Plaintiff's choice of forum

As discussed above, Plaintiff's choice of forum gets considerable deference in most situations. This is, however, not one of those cases. Here, Plaintiff chose his forum, the Circuit Court in St. Clair County, within the Southern District of Illinois. His chosen forum is far removed from his home, Grundy County, within the Northern District of Illinois. Plaintiff is also the named party in a class action complaint. Should the class, persons in Illinois with claims against AFI, be certified, the class members will likely be scattered across the state, meaning some class members will be further way from their home, *regardless* of what forum is chosen or whether the case is transferred.

In the opinion of some courts, where Plaintiff is a representative of a class, "plaintiff's home forum is irrelevant." ***Georgouses v. NaTec Resources, Inc.*, 963 F.Supp. 728, 730 (N.D. Ill. 1997).** The Court will not go that far, and is in fact on record as stating that the Plaintiff's choice in a class action suit deserves some deference, though significantly less than would otherwise be afforded. ***See Abbott v. Lockheed Martin Corp.*, No. 06-cv-0701-MJR, 2007 WL 844903, at *2 (S.D. Ill. Mar. 20, 2007), citing *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947).** However, it is

worth noting that, were this case not brought as a class action, not only could it not have been brought in federal court unless diversity could have been asserted,[2] it could not have been brought in this District for lack of venue. **18 U.S.C. § 1391(b)**. In this situation, the Court asserts that the Plaintiff's choice of forum deserves almost no deference, and will weight other factors far more heavily as a result.

(b) Ease of access to the sources of proof and situs of material events.

Defendant argues that any documents related to the underlying insurance claims (and Plaintiff's allegations of a standard of practice regarding assessing fault against the claimant) are located in Wisconsin (Doc. 14 at 6-7). Plaintiff, for his part, essentially agrees (Doc. 15 at 5). In essence, both make a strong argument for transfer . . . to the Western District of Wisconsin. However, as transfer to AFI's home district is not the goal of the motion, the Court shall set that argument aside as neutral to the analysis. Plaintiff then cites to this Court's decision in ***Abbott***, which noted that:

> paper documents will be scanned for discovery irrespective of the situs of the case since that seems to be the trend in this digital age where jump drives the size of a cigarette lighter can hold multiple gigabytes of information and multi-page documents can be emailed around the world in seconds.

**2007 WL 844903, at *4**. The above statement is true, though it is true regardless of whether the case occurs in the Northern District of Illinois or this District, which again makes the argument neutral.

---

[2] Which the Court doubts, given Plaintiff's argument regarding AFI's practice of discounting claims by 30%. To overcome the amount in controversy threshold, and based upon the Plaintiff's theory of the case, he would have had to have brought a claim against an AFI insured in excess of $250,000.00.

However, the Northern District of Illinois is the situs of events in Mr. Krug's accident, and this District is not. As noted above, Plaintiff's accident occurred in Coal City, Illinois, located within the Northern District of Illinois. Plaintiff makes considerable effort to mitigate this fact,[3] but the Court must take into consideration and give it considerable weight.

Before concluding, Plaintiff makes a final argument that transferring the case to the Northern District is as inconvenient for Plaintiff's counsel as maintaining the case in this District would be for Defendant's counsel, and "merely to shift the expense and inconvenience from one party to the other" is not appropriate (Doc. 15 at 5-6, **citing** ***Brierwood Shoe Corp. v. Sears, Roebuck & Co.*****, 479 F.Supp. 563, 566 (S.D.N.Y. 1979)**). ***See also Research Automation*****, 626 F.3d at 978.** Thus, he concludes, as this factor is otherwise "a tie," the mere shifting of costs cannot be allowed and the Court must rule against transfer (Doc. 15 at 6). However, Mr. Krug's accident, occurring as it did in the Northern District of Illinois, makes this factor not a tie, and weighs in favor of transfer.

---

[3] Plaintiff argues that, had the accident occurred 12 miles further south, it would have occurred in the Central District of Illinois, "highlighting the somewhat arbitrary nature of the attachment to the Northern District based upon the location of the accident" (Doc. 15 at 5, n.2). This argument is at best specious. The Court would note firstly that even to the extent that Plaintiff's statements are true, the Central District of Illinois is still not the Southern District of Illinois, despite the fact that it is located a mere 132 miles further south from the site of the crash. Further, and more importantly, venue is based, at least in part, on the judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred," **28 U.S.C. § 1391**, and does not have a "more or less 12 miles" clause built within it. By means of example, were Plaintiff's logic correct, cases in the Southern District of New York could just as easily be litigated in the Western District of Pennsylvania, the District of New Jersey, the District of Connecticut, and the District of Massachusetts, each located not just within twelve miles, but within five different states and three different Circuits. While this might be a relief for the judges in S.D.N.Y., what the Plaintiff classifies as "arbitrary," federal courts view as "jurisdictional."

(c) Convenience of Non-Party Witnesses

In its motion, Defendant notes that the majority of non-party witnesses to the Krug accident, including the police officer which responded to the incident and AFI's insured, are in the Northern District of Illinois, and would have to travel four times further (240 miles versus 65 miles) to testify (Doc. 14 at 7). Defendant also notes that this distance is in excess of the limit of the Court's subpoena power (within 100 miles of where the person resides, is employed, or regularly transacts business), unless the Court determines that their appearance would not result in "substantial expense." **FED. R. CIV. P. 45(c)(1(B).** Plaintiff denies any inconvenience to non-party witnesses; for purposes of discovery, counsel would come to them, and for trial "Plaintiff is confident that this can be managed without subjecting any disinterested witness to any undue expense and burden" (Doc. 15 at 6, *Id*. at n.4). Plaintiff adds that the majority of witnesses would need to travel from AFI's headquarters in Wisconsin, regardless of whether the case is transferred or not (*Id*. at 7).

Here again, but for the accident occurring in the Northern District of Illinois, and the witnesses to the accident residing and working in that, this factor would be neutral. However, as these witnesses are important to the determination of any standard of practice regarding accident claims, the factor must weigh in favor of transfer.

(d) Convenience of the Parties

Although the Plaintiff very strenuously notes that he is "ready, willing, and able" to litigate the case in this District, the fact remains that he does reside within the Northern District. Defendant notes that travel between Madison, Wisconsin (AFI's base city) and the Northern District of Illinois would be easier (due to the availability of non-stop air travel), but the Court does not consider this to be huge factor. ***Camarena v. Vanderbilt Mortgage & Finance, Inc.*, No 15 C 00656, 2015 WL 4036258, at *2 (N.D. Ill. July 1, 2015) ("No one likes connecting flights, but that fact is not enough to tip the scales of convenience in [Defendant's] favor.").** This factor is largely neutral, perhaps slightly favoring transfer.

In summary, an examining all factors, the Court determines that, for the convenience of the parties and witnesses, the case should be transferred to the Northern District of Illinois. While the weights here are small, the Court feels that it is impossible to overcome the fact that the accident at issue in this case occurred in the Northern District, and litigating here would not be convenient for anyone other than Plaintiff's counsel, which is not relevant in the analysis of transfer. ***Abbott*, 2007 WL 844903, at *2.**

**3. The Interests of Justice Favor Transfer**

The "interests of justice" factor focuses on the "efficient administration of the court system," rather than the private considerations of the litigants. ***Research Automation, Inc.*, 626 F.3d at 978.** Factors to be considered under this prong include: (1)

the speediness of each district in concluding their proceedings; (2) the districts' familiarity with the applicable law; and (3) the relation of the community to the occurrence and the desirability of resolving the controversy in its locale. ***Id.* (internal citations removed)**.

As to the second and third factors, the Court finds no difference between this District and the Northern District of Illinois. Both courts are intimately familiar with the Illinois Insurance Code, the Consumer Fraud Act, and the other claims raised by the Plaintiff. Plaintiff's case is a class action, aimed at all Illinois citizens with claims against AFI, which the Court can presume would reside throughout the state. Though it is true that the Krug accident happened within the Northern District of Illinois, in this situation, the accident acts as a sort of placeholder for each of the claims in the Plaintiff's putative class, rather than being a reason for having it in one district or the other.

It is the first factor, speediness, which weighs heavily in favor of transfer. Due to a heavier felony criminal docket and prisoner civil litigation, this District has significant docket congestion, resulting in civil cases taking longer to adjudicate. For the period ending June 2015:[4]

---

[4] *See* ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, *Federal Court Management Statistics June 2015, available at* **http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts- june-2015.aspx.**

| | **Southern District of Illinois** | **Northern District of Illinois** |
|---|---|---|
| Total Filings (per judgeship) | 504 | 582 |
| Civil Filings (per judgeship) | 375 | 538 |
| Criminal Felony (per judgeship) | 90 | 33 |
| Pending Cases (per judgeship) | 1149 | 641 |
| Median Filings to Disposition (in months) | 35.5 | 7.3 |

As a result, the Court finds that, in the interest of justice, the case should transfer to the Northern District of Illinois.

**D. Conclusion**

For the reasons stated above, the Court finds that several factors weigh heavily in favor of transfer. There is little to tie this case to this District other than the decision to file it in St. Clair County, and that is not enough. The Court **FINDS** that the Northern District of Illinois is clearly more convenient, **GRANTS** Defendant's motion to transfer, and **ORDERS** the case transferred to the Northern District of Illinois, along with the pending motion to dismiss. Once transferred, the Clerk of Court shall **CLOSE** the case in this District.

**IT IS SO ORDERED.**

DATED: **April 20, 2016**

***s/ Michael J. Reagan***
Michael J. Reagan
Chief Judge
United States District Court