```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


Daniel Krug, on his own behalf   )
and on behalf of all others      )
similarly situated               )
                                 )
               Plaintiff,        )
     v.                          )   No. 16 C 4532
                                 )
American Family Mutual           )
Insurance Company,               )
                                 )
               Defendant.        )
```

## MEMORANDUM OPINION AND ORDER

The named plaintiff in this action owns an automobile that was involved in a parking lot collision with defendant's insured. The complaint alleges that defendant's insured was, by her own admission and as evidenced by a contemporaneous police report, wholly at fault for the accident. Plaintiff submitted an insurance claim for property damage, which defendant accepted, but defendant offered to pay only seventy percent of the cost to repair the vehicle. Plaintiff responded to this offer, through counsel, expressing the view that because defendant's insured was 100% at fault for the accident, defendant was liable for 100% of the cost to repair plaintiff's vehicle. Defendant declined to revise its offer, and this suit ensued.

Plaintiff asserts four claims on behalf of himself and a putative class. First, he asserts that defendant's "systematic practice of arbitrarily assigning fault to third-party claimants, regardless of actual fault" violates the Illinois Insurance Act's prohibition against vexatious and unreasonable conduct. 215 ILCS 5/155. Counts II and IV assert claims for fraudulent misrepresentation and/or omission, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq., respectively. In Count III, plaintiff claims unjust enrichment. Defendant has moved to dismiss all of these counts, and I grant the motion for the reasons explained below.

I.

A motion to dismiss tests the sufficiency of a complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Notice pleading under Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," and need not recite detailed factual allegations. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Nevertheless, the complaint's factual allegations, accepted as true, must "raise a right to relief above the speculative level" by stating a claim that is "plausible on its face." *Id*. at 555, 570. Claims sounding in fraud, whether pursued under common law or under the ICFA, must

2

also satisfy the heightened pleading standard of Rule 9(b), which requires plaintiff to "state with particularity the circumstances constituting fraud," which "ordinarily requires describing the who, what, when, where, and how of the fraud." *Camasta v. Jos. A Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (citations and internal quotation marks omitted).

II.

Defendant raises a battery of arguments for dismissing plaintiff's claims, several of which have merit. With respect to Count I, defendant is correct that as a third-party claimant, plaintiff has no cognizable claim against defendant for violations of section 155 of the Illinois Insurance Code. Section 155 establishes the court's authority, in insurance actions, to award attorneys' fees, costs, and other amounts for an insurer's unreasonable or vexatious conduct in settling a claim. 215 ILCS 5/155. The Supreme Court of Illinois has held that "[a]s a general rule, the remedy embodied in Section 155 of the Insurance Code extends only to the party insured...and policy assignees." *Yassin v. Certified Grocers of Illinois, Inc.,* 551 N.E. 1319, 1322 (Ill. 1990) (citing, *inter alia*, *Stamps v. Caldwell*, 133 Ill. App. 2d 524, 528 (Ill. App. Ct. 1971) and *Loyola University Medical Center v. Med Care HMO*, 180 Ill. App. 3d 471, 479-81 (Ill. App. Ct. 1989)). Indeed, the *Yassin* court expressly held that "the remedy embodied in section

3


155 of the Insurance Code does not extend to third parties," and went on to uphold the lower court's denial of the plaintiff's request for section 155 relief on the ground that the tortfeasor, not the plaintiff, was insured under the asserted contract. *Id*. Illinois courts and federal courts applying Illinois law continue to follow *Yassin* in this respect. *See, e.g., Statewide Ins. Co. v. Houston*, 920 N.E. 2d 611, 625 (Ill. App. Ct. 2009) (relief under section 155 is available only to insured party and its assignees, not to third parties); *Roppo v. Travelers Companies*, 100 F. Supp. 3d 636, 652 (N.D. Ill. 2015) (same).

There is no merit to plaintiff's insistence that *Garcia v. Lovellette*, 639 N.E. 2d 935 (Ill. App. Ct. 1994), authorizes his claim as an exception to the *Yassin* rule. The *Garcia* court allowed the plaintiff's section 155 claim to proceed against the insurer precisely because it determined that the plaintiff satisfied the insurance contract's definition of an "insured." *Id*. at 938. Indeed, *Garcia* reaffirmed that "[a] section 155 claim for an insurer's vexatious delay is intended for the protection of the insured party, or an assignee who succeeds to the same position of the insured, but is not intended for 'true' third parties." *Id*. at 937. In short, *Garcia* offers no support for plaintiff's argument in support of Count I on the facts he alleges.

4

Defendants articulate several specific grounds for dismissing Counts II and IV, but the basic problem, it seems to me, is a fundamental mismatch between plaintiff's description of the allegedly unlawful scheme and a fraud-based theory of liability. Plaintiff describes the "essence" of the scheme as defendant's practice of routinely capping its settlement of third-party claims at less than 100% of the claim's value, without regard to any allocation fault. *See* Opp. at 6. But the essence of fraud is deception, and plaintiff does not claim to have been deceived by defendant's conduct. To the contrary, the complaint underscores that plaintiff knew at all times that defendant's insured was wholly at fault for the accident giving rise to his claim. *See* Am. Cmplt. at ¶¶ 18-21, 24-25.

Plaintiff strains to portray the alleged conduct as fraudulent by claiming that defendant "made false statements of fact, and/or omitted critical information about the true value of the claims" with the intent that plaintiff and putative class members would rely on such statements to accept "lowball offers or decline to accept their offers at all." *Id.* at ¶ 43. But there is nothing inherently fraudulent about an insurer's offer to settle a claim for less than its full value. Plaintiff may object to what he views as a coercive practice by a party with greater bargaining power, but absent some element of deception and reliance (or, under the ICFA, intended reliance, *see Siegel*

5

*v. Levy Organization Development Co., Inc.*, 607 N.E. 2d 194, 198 (Ill. 1992) ("Significantly, the Act does not require actual reliance")), his legal claim, if any, must rest on some ground other than fraud.

It is true that the ICFA protects consumers against "unfair" as well as deceptive conduct. *Robinson v. Toyota Motor Credit Corp.*, 775 N.E. 2d 951, 960 (Ill. 2002). To the extent plaintiff's ICFA claim asserts "unfair" rather than a "deceptive" conduct, his allegations must raise a plausible inference that defendant's conduct offends Illinois' public policy, is "so oppressive as to leave the consumer with little alternative except to submit to it," and must injure consumers. *Id.* at 961.

Plaintiff argues that defendant's "practice of fabricating evidence in the context of handling claims runs afoul of numerous different consumer protection policies." Opp. at 13. But even if the complaint could reasonably be construed to allege the fabrication of evidence—already a stretch—plaintiff does not identify any specific Illinois public policy or explain how defendant's conduct violates it. A "bare assertion of unfairness without describing in what manner the lack of disclosures either violate public policy or are oppressive is insufficient to state a cause of action" under the ICFA. *Robinson*, 775 N.E. 2d at 963. Moreover, as there appears to be

6

no dispute that plaintiff could pursue an action for damages against defendant's insured, this is not a case in which the alleged conduct left plaintiff "with no choice but to submit."

Because the foregoing observations suffice to conclude that Counts II and IV are fatally flawed, I need not reach defendant's remaining arguments for dismissing these counts.

This leaves only plaintiff's claim for unjust enrichment. In Illinois, "[t]o state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011) (original alternation) (citation omitted). While an unjust enrichment claim may be pursued as an independent cause of action, where the claim "rests on the same improper conduct alleged in another claim...[it] will stand or fall with the related claim." *Id*. at 517. Plaintiff insists that his unjust enrichment claim "is not based strictly upon the allegations of deception, but also on more general claims that Defendant's conduct is inequitable and inappropriate regardless of whether Plaintiff has been deceived," Opp. at 12, but he does not identify any allegations specifically supporting his unjust enrichment claim (but unrelated to his remaining claims), and

7

his argument does not persuade me that the rule articulated in *Cleary* is inapplicable.

III.

For the foregoing reasons, plaintiff's amended complaint is dismissed.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 17, 2016